FILED

NOT FOR PUBLICATION

NOV 18 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JILL GARCIA,

Plaintiff - Appellant,

v.

ALLSTATE INSURANCE COMPANY,

Defendant - Appellee.

No. 08-16920

D.C. No. 4:07-CV-00167-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Jill Garcia appeals from the district court's grant of summary judgment to

Allstate Insurance Company on her employment discrimination claim. Reviewing

de novo, *see, e.g., Metoyer v. Chassman*, 504 F.3d 919, 930 (9th Cir. 2007), we

reverse.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The parties agree that Allstate's motion for summary judgment should be evaluated using the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework,

> [t]he employee must first establish a prima facie case of discrimination. If [s]he does, the employer must articulate a legitimate, nondiscriminatory reason for the challenged action. Finally, if the employer satisfies this burden, the employee must show that the "reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."

*Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (internal quotation marks and citations omitted). The only serious dispute in this case is whether Garcia provided sufficient evidence to support a finding that Allstate's reasons for firing her were a pretext for discrimination. We conclude that Garcia's evidence of pretext was sufficient to raise a genuine issue of material fact.

First, we conclude that Garcia provided sufficient circumstantial evidence to create a genuine issue of material fact as to whether regional manager Tom Smith was involved in Garcia's termination. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) (explaining that disputes about whether specific individuals were involved in the adverse employment action are "for the trier of fact to resolve"). It was Smith who first asked Garcia about potential conflicts of interest. Additionally, Allstate asserts that it fired Garcia in part due to her failure

2

to provide Smith updated information, suggesting Smith's ongoing role in the investigation. Further, Garcia's direct supervisor made remarks suggesting that Smith would decide whether Garcia would keep her job.

Second, we conclude that the record provides sufficient evidence to create a genuine issue of material fact concerning both Allstate's and Smith's discriminatory animus toward female employees. Allstate sponsored several performance incentives from which the women at Allstate felt excluded, many of which were organized in substantial part by Smith. Garcia also provided several examples of Allstate's male managers making gender-oriented derogatory comments at company functions, including comments Smith made about Garcia specifically. Additionally, at the time of Garcia's firing, she was being considered for a promotion that would have made her one of the few women under Smith's direct supervision, and Garcia's then-boss told her that she would have to show Smith that she could be "one of his boys."

Finally, the record presents a triable issue whether Allstate's proffered rationale for firing Garcia is "unworthy of credence." *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Following an investigation for an alleged conflict of interest violation, Allstate's Corporate Security department recommended no disciplinary action against Garcia. Allstate neither contradicted

Smith's testimony that Allstate follows these recommendations ninety-nine percent of the time nor explained why Garcia's case was treated differently from ninety-nine percent of investigated cases.  The fact that Allstate also fired a male employee for a conflict of interest violation is irrelevant because Allstate's internal investigation recommended that the male employee be subject to disciplinary action.

Thus, we conclude that the district court erred in granting summary judgment to Allstate.

**REVERSED AND REMANDED for further proceedings.**